16 F.Supp.2d 88 (1998)
Donald K. STERN, in his Official Capacity as United States Attorney for the District of Massachusetts, and Craig C. Donsanto, in his Official Capacity as Director, Election Crimes Branch, Criminal Division, Department of Justice, Plaintiffs,
v.
THE SUPREME JUDICIAL COURT FOR THE COMMONWEALTH OF MASSACHUSETTS; The Board of Bar Overseers for the Commonwealth of Massachusetts; Arnold R. Rosenfeld, in his Official Capacity as Bar Counsel for the Board of Bar Overseers; The United States District Court for the District of Massachusetts; Joseph L. Tauro, in his Official Capacity as Chief Judge of the United States District Court for the District of Massachusetts; and Robert E. *89 Keeton, Rya W. Zobel, William G. Young, Mark L. Wolf, Douglas P. Woodlock, Edward F. Harrington, Nathaniel M. Gorton, Richard G. Stearns, Reginald C. Lindsay, Patti B. Saris, Nancy Gertner, Michael A. Ponsor, and George A. O'Toole, Jr., in their Official Capacities as United States District Judges for the District of Massachusetts, Defendants.
Civil Action No. 98-10896-GAO.
United States District Court, D. Massachusetts.
August 3, 1998.
David S. Mackey, United States Attorney's Office, Boston, MA, for Donald K. Stern and Craig C. Donsanto, Plaintiffs.
LaDonna J. Hatton, Attorney General's Office, Criminal div., Judith S. Yogman, Attorney General's Office, Boston, MA, for Supreme Judicial Court, Defendant.
David Rossman, Boston University School of Law, Boston, MA, for Board of Bar Overseers for Com. of Mass. and Arnold R. Rosenfeld.
Gael Mahony, Michael D. Vhay, E. Randolph Tucker, Timothy J. Veeser, Hill & Barlow, Boston, MA, for United States District Court for the District of Massachusetts, Joseph L. Tauro, Robert E. Keeton, Rya A. Zobel, William G. Young, Mark A. Wolf, Douglas P. Woodlock, Edward F. Harrington, Nathaniel M. Gorton, Richard G. Stearns, Reginald C. Lindsay, Patti B. Saris, Nancy Gertner, Michael A. Ponsor, George A. O'Toole, Jr., Defendants.

MEMORANDUM OF RECUSAL
O'TOOLE, District Judge.
The plaintiffs have brought the present action seeking declaratory and injunctive relief to prevent the defendants from enforcing against them Supreme Judicial Court Rule of Professional Conduct 3.8(f), which became effective on January 1, 1998, both in the courts of the Commonwealth and in this Court by incorporation pursuant to Local Rule 83.6(4)(B). When this action was commenced, it was drawn to me in the regular course through the random selection process utilized in all cases.
Because the "United States District Court for the District of Massachusetts" is a named defendant, I considered whether there existed any reason why a District Judge who is a member of the Court ought not preside over the case. I concluded there did not. The complaint presents a challenge, on a number of grounds, to a disciplinary rule of the Massachusetts bar that has been adopted, and can be enforced, by this Court through its Local Rules. The complaint thus presents for decision legal questions concerning the authority for and interpretation of this Court's Local Rules. That is not an unusual matter to be presented for decision, and it does not raise any substantial question about the impartiality of any judge of the Court who might be asked to make such a ruling in the course of a pending case. In other *90 words, it is not a circumstance in which the judge's "impartiality might reasonably be questioned," requiring recusal under 28 U.S.C. § 455(a). At a conference in open court, the parties indicated their agreement with my conclusion.
Subsequently, however, the plaintiffs apparently became concerned about whether the "United States District Court for the District of Massachusetts" was an entity that could be sued. To avoid an unnecessary problem, the plaintiffs moved, with the assent of the other parties, to amend the complaint by joining individually as defendants each of the active District Judges of the Court. That approach had the sanction of precedent. See Whitehouse v. United States District Court for District of Rhode Island, 53 F.3d 1349 (1st Cir.1995), where both the "United States District Court for the District of Rhode Island" and the individual judges were joined as defendants. The motion to amend the complaint has been allowed.
That makes me a named defendant in the case. The considerations of § 455(a) now yield to the strictures of § 455(b)(5)(i), which requires that a judge disqualify himself if he is "a party to the proceeding."
There appears to be no leeway for interpretation.
Unlike Section 455(a) with its more amorphous language of reasonable questions of impartiality (read: appearance); Section 455(b) leaves nothing to question. It is meant to automatically exclude judges from situations that fall under the specific provisions of the statute.
In re San Juan Dupont Plaza Hotel Fire Litig., 129 F.R.D. 409, 412 (D.P.R.1989). The enumerated occasions for required recusal under § 455(b) are intended to provide "bright lines," easily recognized and easily administered. Moreover, it does not matter that the other parties do not seek recusal. "No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b)." 28 U.S.C. § 455(e).
Neither I nor any of the other defendant District Judges may preside over this case now that we have been joined as parties. Accordingly, I recuse myself from further proceedings in this matter.